UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TOMAS MORALES, an individual,

Plaintiff,

v.

FORD MOTOR COMPANY, et al.,

Defendants.

Case No. 2:25-cv-02405-HDV-ACCV

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [39]**

## I. INTRODUCTION

This action, originally filed in Los Angeles Superior Court, alleges various warranty nonconformities under California's Song Beverly Act involving a 2024 Ford Mustang. Notice of Removal [Dkt. 1-2]. Plaintiff Tomas Morales brought the action against two defendants: Puente Hills Ford and Ford Motor Company. Immediately upon the state court's dismissal of Puente Hills Ford and Plaintiff's failure to amend the complaint, Defendant Ford removed the action based on diversity jurisdiction. *Id.*

Before the Court is Plaintiff's Motion to Remand (the "Motion"). [Dkt. 39]. Plaintiff contends in the main that removal was improper because the dismissal of Puente Hills Ford was not a "voluntary act" by Plaintiff and thus could not create diversity jurisdiction. Plaintiff further maintains that the timing of its Motion—brought nearly a year after Defendant's removal—is not deficient because lack of subject matter jurisdiction can be raised at any time prior to judgment.

For the reasons discussed below, the Court concludes that the "voluntary/involuntary" rule invoked by Plaintiff is ***not*** jurisdictional and must be considered waived if not brought within the 30-day window specified in 28 U.S.C. § 1447(c). Plaintiff's untimely Motion is therefore denied.

## II. BACKGROUND

On October 31, 2024, Plaintiff Tomas Morales filed a lemon law action in Los Angeles Superior Court against Puente Hills Ford and Ford Motor Company. [Dkt. 1-2]. In January of 2025, Judge Salvatore Sirna dismissed with leave to amend Plaintiff's sole cause of action against Puente Hills Ford [Dkt. 1-3], and dismissed that defendant a month later when Plaintiff chose not to amend. [Dkt. 1-6].

Defendant Ford Motor Company removed the state court action to this Court on March 19, 2025 based on diversity jurisdiction. [Dkt.1]. The parties filed their Rule 26(f) report in May 2025, attended the scheduling conference set by this Court in June 2025, and have litigated numerous discovery disputes before the Magistrate Judge. *See* [Dkts. 19, 21, 24, 25, 26].

Approximately one year later—on June 10, 2026—Plaintiff filed the instant Motion. It is fully briefed, and the Court held oral argument on July 30, 2026. [Dkt. 55].

## III. LEGAL STANDARD

Federal courts have original jurisdiction over civil actions between citizens of different states where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332. Section 1332 requires complete diversity, meaning that each plaintiff must be diverse from each defendant. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)).

A defendant may remove a class action from state to federal court by filing a notice of removal that outlines the grounds for removal. 28 U.S.C. § 1453(b); 28 U.S.C. § 1446(a). "A plaintiff who contests the existence of removal jurisdiction may file a motion to remand, *see* 28 U.S.C. § 1447(c), the functional equivalent of a defendant's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1)." *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th. Cir. 2014).

## IV. DISCUSSION

Plaintiff's argument in favor of remand is based entirely on the so-called "voluntary-involuntary" rule. Motion at 3. The rule has its origins in *Powers v. Chesapeake & O. Ry.*, 169 U.S. 92 (1898) and generally "requires that a suit remain in state court unless a 'voluntary' act of the plaintiff brings about a change that renders the case removable." *Self v. Gen. Motors Corp.*, 588 F.2d. 655, 657 (9th Cir. 1978). Plaintiff argues at length that "standing on the pleadings" after a demurrer is not a voluntary act and therefore does not render the action removable. Motion at 3-7. Defendant cites various cases in support of the opposite conclusion.

The Court need not decide the substantive applicability of this rule to this record because the ***timing*** of the Motion is dispositive here. Section 1447(c) provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after filing the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Here, Plaintiff's motion was brought more than *one year* after Defendant's notice of removal and is therefore untimely.

Plaintiff's rejoinder—that the "voluntary/involuntary rule" is jurisdictional—is unsupported. The Supreme Court has stated plainly that "[o]nly Congress may determine a lower federal court's subject-matter jurisdiction." *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004). Because of this

cornerstone principle, "judge-made rules are not jurisdictional. . . ." *Eldee-K Rental Properties, LLC v. DIRECTV*, 748 F.3d 943 (9th Cir. 2014).

The Court concludes that the "voluntary/involuntary rule" is precisely the sort of "judge-made" rule that can be waived. District Judge Karin Immergut made exactly this finding in a case out of the District of Oregon. *Schroeder v. Amazon.com Servs. LLC*, No. 3:24-CV-02067-JR, 2025 WL 2206159 (D. Or. June 4, 2025) ("the voluntary-involuntary rule is a 'forfeitable rule of removal procedure' that does not affect th[e] Court's subject-matter jurisdiction."). And her decision, ***including this specific point***, was affirmed by the Ninth Circuit in an unpublished decision. *Schroeder v. Amazon.com Servs. LLC*, No. 25-5631, 2026 WL 446504 (9th Cir. Feb. 17, 2026) ("The voluntary-involuntary doctrine is judge-made, and invoking it requires no magic words."). The Court finds the reasoning in both decisions to be persuasive and fully applicable here. Moreover, the "voluntary/involuntary rule" is not found anywhere in the statute itself, and no court in this circuit has held specifically that this rule is jurisdictional in nature.

## V. CONCLUSION

For the foregoing reasons, the Motion is denied.

Dated: August 17, 2026



Hernán D. Vera
United States District Judge